IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD P. COUGHLIN,

                Petitioner,

v.

GARY BOUGHTON,

                Respondent.

ORDER

23-cv-659-jdp

---

Petitioner Donald P. Coughlin seeks relief under 28 U.S.C. § 2254 following his convictions for sexual assault of a child. *See State v. Coughlin*, 2021 WI App 27, 397, *rev'd in part*, 2022 WI 43. Coughlin asks me to stay the case and hold in abeyance his petition so that he can exhaust state court remedies on certain claims for relief, and to help him obtain his legal file from his former attorney. Dkt. 3 and Dkt. 4. I will order Coughlin to file an amended petition and, therefore, I will deny without prejudice his request to stay the case and hold his petition in abeyance. I will deny without prejudice Coughlin's request to help him obtain his legal file.

A habeas petitioner must "specify" all the grounds for relief available to him, *see* Rule 2(c)(1), Rules Governing § 2254 Cases ("Habeas Rules"), and support each ground with enough facts to warrant habeas relief, *see McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition "must substantially follow the form appended" to the Habeas Rules. Rule 2(d), Habeas Rules. That form, which this court has adopted, requires specific information about the petitioner's exhaustion of state-court remedies. The petitioner must sign the petition under penalty of perjury. Rule 2(c)(5), Habeas Rules.

Coughlin has combined his petition and motion to stay into one document, but I will refer to it as the petition for simplicity. The petition refers to several claims, but Coughlin hasn't clearly identified which claims are exhausted and which aren't, much less provided the specific information about exhaustion of state-court remedies that the habeas form requires. The petition—which isn't signed under penalty of perjury—also fails to delineate the facts that support each claim for relief. In short, the petition fails to comply with the habeas form, and I cannot determine whether the stay-and-abeyance procedure is appropriate.

To fix these problems, I will order Coughlin to file an amended petition on the court's habeas form. The amended petition must:

- Specify all the grounds for relief available to Coughlin;
- State the facts supporting each ground;
- State the relief requested;
- Be printed, typewritten, or legibly handwritten; and
- Be signed under penalty of perjury.

If Coughlin needs additional space to allege facts supporting his claims, he may, if he wishes, file a supplement not to exceed 10 pages. Any text or handwriting in the amended petition or supplemental brief must be large enough and spaced well enough to allow the court to read it easily.

Coughlin may accompany his amended petition with a motion to stay and hold in abeyance. If Coughlin files this motion, it must not exceed five pages.

Coughlin asks me to order his former attorney to send him his legal file. Dkt. 4. Coughlin explains that his sister currently has the file, but that his prison won't accept it from her because she's not an attorney. Coughlin adds that he's asked his former attorney to send

the file to his prison, but that he won't because he fears that it might contain contraband because his sister has it.

I will deny this motion without prejudice. For one thing, "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). It's unclear that the documents Coughlin seeks from his attorney are relevant. Coughlin may be contending that he needs these documents to file his petition. But he's already filed a petition, and he hasn't shown that the missing documents have prevented him from articulating his claims. In any case, there is a simpler solution. Coughlin can have his sister scan the documents and send them to counsel electronically. This mode of delivery should address counsel's alleged concern that the documents may contain contraband. Coughlin hasn't shown that he needs his legal file to file an amended petition, but I will give him extra time to complete this task so that he may arrange with his sister and counsel to obtain his legal file.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to stay and hold in abeyance, Dkt. 3, is DENIED without prejudice.

2. Petitioner has until January 25, 2024, to file an amended habeas petition in accordance with this order.

3. Petitioner's motion for the court to take possession of legal file, Dkt. 4, is DENIED without prejudice.

4. The clerk of court is directed to send petitioner copies of this order and the court's form for § 2254 cases.

Entered December 8, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge