IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD P. COUGHLIN,

                            Petitioner,

v.                                                                                         OPINION and ORDER

GARY BOUGHTON,                                                            23-cv-659-jdp

                            Respondent.

---

Petitioner Donald P. Coughlin, proceeding without counsel, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his multiple convictions for sexual assault of a child in Juneau County Circuit Court Case No. 2010CF222. Dkt. 1. Coughlin also moved to stay the case so that he could exhaust claims that he didn't pursue in state court. Dkt. 3.

Coughlin's petition didn't comply with habeas pleading rules, so I ordered him to file an amended petition to fix that problem. Dkt. 15. I couldn't determine whether it would be appropriate to stay the case because Coughlin didn't specify which claims were exhausted and which weren't or provide the specific information about exhaustion required by the habeas form. *Id.* at 2. I instructed Coughlin to file an amended petition on the court's habeas form that, among other things, specified all the claims available to him.

Coughlin filed an amended petition asserting three claims, all of which he alleges are exhausted. Dkt. 20. In claim 1, Coughlin challenges the sufficiency of the evidence to support his conviction based primarily on the contention that the victims' testimony wasn't credible. *See id.* at 7. In claim 2, Coughlin contends that trial counsel, Daniel Berkos,[1] provided

---

[1] Berkos is deceased. *State v. Coughlin*, 2021 WI App 27, ¶ 12 n.7.

ineffective assistance by focusing his closing argument on the victims' lack of credibility. *See id.* at 10. Coughlin also faults Berkos for not challenging the prosecution's expansion of the elements of the offenses to include mere sexual activity, not actual sexual contact. *See id.* Claim 3 rehashes Coughlin's contentions about insufficient evidence and improper expansion of the offenses' elements. *See id.* at 11.

Coughlin also filed a new motion to stay, asserting unexhausted claims that he omitted from the amended petition. Dkt. 16. Coughlin should have included the unexhausted claims in the amended petition, but I will deem those claims to be part of the amended petition. In addition, Coughlin asks the court to appoint counsel.

Coughlin's exhausted claims are plainly meritless, procedurally defaulted, or both, and his unexhausted claims are plainly meritless. So, I will deny the amended petition and the motion to stay. I will deny Coughlin's motion to appoint counsel as moot.

BACKGROUND

In 2009, Coughlin's two stepsons and nephew came forward as adults, alleging that Coughlin repeatedly sexually abused them throughout their childhoods. *State v. Coughlin*, 2022 WI 43, ¶ 6. The state charged Coughlin with one count of repeated sexual assault of a child and 21 counts of first-degree and second-degree sexual assault of a child for conduct that involved his nephew and two stepsons. *Id.* ¶ 7. Each count was tied to a specific time period. *Id.* ¶ 9. There was a single count for enticement of another child.

At trial, the nephew and stepsons described an environment of nearly constant physical and sexual abuse by Coughlin. *Id.* ¶ 10. Coughlin testified that he never abused his nephew or two stepsons. *Id.* ¶ 17.

The definition of "sexual contact" in the jury instructions differed from the definition in the verdict form. *Id.* ¶ 18. The jury instructions defined sexual contact as "an intentional touching of the penis" of the nephew and stepsons by Coughlin or "an intentional touching by the victim" of Coughlin's penis "if the defendant intentionally caused or allowed the victim to do that touching." *Id.* By contrast, the verdict form defined sexual contact as only "the defendant touching the victim's penis." *Id.* ¶ 19.

The jury found Coughlin guilty of the counts involving the nephew and stepsons and acquitted him of a child enticement charge. *See id.* ¶ 20. Represented by attorney Phillip J. Brehm, Coughlin filed a postconviction motion, asking the circuit court to dismiss all counts on the grounds that there was an insufficient factual basis to support a conviction for each count. *See id.* In the alternative, Coughlin argued that he was entitled to a new trial due to ineffective assistance of counsel or because the real controversy had not been tried. *Id.* The circuit court denied the motion. *Id.* ¶ 21.

The state court of appeals affirmed in part and reversed in part. *State v. Coughlin*, 2021 WI App 27, ¶¶ 2, 37. The state court of appeals affirmed Coughlin's convictions on the six counts involving the older stepson, but it reversed his convictions on the counts involving the nephew and younger stepson. *Coughlin*, 2022 WI 43, ¶ 22. In reversing those convictions, the state court of appeals measured the sufficiency of the evidence against the verdict form, but it also stated that it would have reached the same conclusion had it evaluated the evidence according to the jury instructions instead of the verdict form. *Id.* The state court of appeals further concluded that Coughlin's other issues were abandoned or meritless. *See id.*; *see also Coughlin*, 2021 WI App 27, ¶¶ 12 n.7, 35–37.

The state sought review of the court of appeals' decision reversing Coughlin's convictions on 15 counts of sexual assault. *Coughlin*, 2022 WI 43, ¶ 1. The state supreme court reversed the state court of appeals. *Id.* ¶ 5. The state supreme court concluded that the sufficiency of the evidence should be evaluated according to the jury instructions. *Id.* ¶ 4. Further, the state supreme court concluded that there was sufficient evidence for the jury to find Coughlin guilty on the 15 counts at issue. *Id.* Coughlin didn't cross-petition for review the other issues that the state court of appeals concluded were abandoned or meritless. *See id.* ¶ 23 n.10.

## ANALYSIS

I begin with the legal standards applicable to the amended petition. Rule 4 requires me to examine the amended petition and supporting exhibits and dismiss that submission if it "plainly appears" that Coughlin isn't entitled to relief. I may take judicial notice of records in Coughlin's underlying state court proceedings when reviewing the amended petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983).

Federal courts may grant habeas relief only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). A state court's adjudication is "contrary to" clearly established Supreme Court precedent if the court either: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under § 2254(d)(1)'s

4

"unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *Id.* at 413. For the application to be unreasonable, a state prisoner "must show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded disagreement." *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (per curiam). Similarly, for a state court's factual finding to be unreasonable, there must be no possibility of reasonable agreement with the finding. *See Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015); *Wood v. Allen*, 558 U.S. 290, 301–02 (2010).

When applying § 2254(d), courts look to "the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *See Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc); *see also Wilson v. Sellers,* 584 U.S. 122, 125 (2018). Review under § 2254(d) is limited to the state-court record. *See Shoop v. Twyford*, 596 U.S. 811, 819 (2022); *Dunn v. Neal*, 44 F.4th 696, 702 (7th Cir. 2022). The petitioner bears the burden to show an error under § 2254(d), and the burden of proof under § 2254 generally. *See Westray v. Brookhart*, 36 F.4th 737, 746 (7th Cir. 2022); *Quintana v. Chandler*, 723 F.3d 849, 854 (7th Cir. 2013).

Claims of ineffective assistance of counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel provided ineffective assistance, Coughlin must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. To prove deficient performance, Coughlin must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

5

assistance." *Id.* at 689. To prove prejudice, Coughlin must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Strickland* governs a claim of ineffective assistance of appellate counsel. *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). Appellate counsel's performance is deficient only if counsel fails to argue an issue that is both "obvious" and "clearly stronger" than the issues actually raised. *Id.* at 898; *see also Davila v. Davis*, 582 U.S. 521, 533 (2017) ("Declining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court.")."Proving that an unraised claim is clearly stronger than a claim that was raised is generally difficult because the comparative strength of two claims is usually debatable." *Makiel*, 782 F.3d at 898.

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Because the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* The question is not whether counsel's actions were reasonable, but rather, "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Section 2254 petitions must meet "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "The § 2254 Rules . . . mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). I need not "need not hold an evidentiary hearing for vague or conclusory allegations." *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018).

**A. Claim one**

Coughlin contends that the evidence was insufficient to support 21 counts of conviction (counts 1–9 and 11–22). Dkt. 20 at 7. The state supreme court didn't address Coughlin's convictions on counts 1–6 because he failed to ask for their review. *Coughlin*, 2022 WI 43, ¶ 23. I will begin with the 15 counts that the state supreme court considered on the merits (counts 7–9 and 11–22). Those counts involve the nephew and younger stepson. I will then explain why counts 1–6, which involve the older stepson, are procedurally defaulted.

**1. Merits (counts 7–9 and 11–22)**

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When reviewing the sufficiency of the evidence to support a criminal conviction, a federal habeas court must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

The Supreme Court has "made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). In this context, "the only question under *Jackson* is whether [the state court's decision] was so insupportable as to fall below the threshold of bare rationality." *Id.* at 656.

The state supreme court's affirmance of the 15 counts at issue was rational. To start, I cannot review the state supreme court's determination that, under Wisconsin law, the jury

instructions, not the verdict form, applied to its review of the sufficiency of the evidence. *See Coughlin*, 2022 WI 43, ¶¶ 26–32; *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal habeas courts don't "reexamine state-court determinations on state-law questions").

The four counts (7–9 and 11) involving the nephew occurred primarily during the autumn months of 1989 through 1992. *Id.* ¶ 35. For Coughlin to be guilty of first-degree sexual assault of a child (count 7), the nephew had to be under the age of 13. *Id.* ¶ 36. For the other three counts, the nephew had to be under 16 for Coughlin to be guilty. *Id.* ¶ 37. The victims testified that the abuse started in the autumn of 1989 before the nephew turned 13, and that Coughlin abused the nephew in the autumn of 1990 when he was 13, in the autumn of 1991 when he was 14, and in the autumn of 1992 before he turned 16. *See id.* ¶¶ 36–37.

The younger stepson testified that the nephew (his cousin) was frequently there with Coughlin and the two other boys when they went deer shining, and that deer shining occurred at least weekly in the autumn of each year. *Id.* ¶¶ 13, 38. The nephew explained that the children would rotate sitting in the front seat, and that Coughlin would touch the penis of whichever boy was sitting in the front. *Id.* ¶ 38. The nephew affirmed that Coughlin had masturbated him specifically when he was in the front seat. *Id.* Similarly, the younger stepson testified that during deer shining he saw Coughlin masturbating the nephew and the nephew masturbating Coughlin. *Id.* ¶ 39. The nephew confirmed that the "some sort of abuse occurred during each charged time period." *Id.* ¶ 39.

Counts 12–21 involved the younger stepson. *Id.* ¶ 40. Each count required at least one instance of sexual contact, and the counts primarily involved the autumn months from 1989 to 1994 and spring months from 1990 to 1994. *Id.* The younger stepson testified that he was seven years old when the abuse began and that it continued "throughout the year" every year

8

until he moved out when he was 18. *Id.* (alteration adopted). The younger stepson explained how in autumn of each year he would go deer shining with Coughlin once or twice a week at which time abuse would occur. *Id.* ¶ 41. The younger stepson testified that during that activity, Coughlin at times would masturbate the boys. *See id.* As noted, the nephew also testified that during deer shining, Coughlin would touch the penis of whichever boy was sitting up front. *See id.* Along those lines, the younger stepson confirmed that there were times when Coughlin masturbated him and times when he masturbated Coughlin. *Id.* ¶ 42. The younger stepson further testified that there were many regular instances of sexual abuse at the family home. *Id.* ¶¶ 42–43.

Count 22, repeated sexual assault of a child, required the jury to find that there were at least three instances of sexual contact between Coughlin and the younger stepson from September 1, 1994, to November 9, 1994, not just one instance like every other count. *Id.* ¶ 44. The state supreme court determined that, based on the above trial testimony displaying the frequency of the abuse during this time of year, the jury could have reasonably inferred from all of the instances of sexual abuse that the charged conduct occurred at least three times. *Id.*

The older stepson also provided testimony that supported Coughlin's guilt on the counts involving the nephew and younger stepson. The older stepson testified that in the autumn when he was deer shining with Coughlin and the nephew or stepson, or both, Coughlin would "without fail" ask one of the boys "to join in, either masturbating ourselves or *masturbat[ing] him*." *Id.* ¶ 45 (emphasis added). The older stepson also testified about the frequency of the sexual abuse at a firehouse, which he said he would go to once or twice a week with Coughlin and often the younger stepson. *Id.* ¶ 46.

9

Coughlin contends that the victims' testimony wasn't credible, primarily because: (1) they accused him of abuse 20 years after that conduct occurred; and (2) the victims maintained a close relationship with him despite the abuse. *See* Dkt. 20 at 7. But, "under *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review." *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). Even if I could evaluate the victims' credibility, Coughlin hasn't alleged a good reason to credit his competing version of the events. Coughlin testified at trial, and the jury necessarily discredited his testimony regarding the counts at issue. Yet the jury acquitted Coughlin on the count involving a fourth alleged victim, which indicates that it "carefully evaluated the evidence for each count." *See Coughlin*, 2022 WI 43, ¶ 52. Furthermore, "[c]hildren may delay reporting [sexual abuse] for a myriad of reasons," and the victims testified that Coughlin made threats and "discouraged them from reporting the abuse." *Id.* ¶¶ 10, 49. Coughlin's bare allegations don't suggest the state supreme court's decision was irrational. Indeed, there was considerable testimony supporting the convictions at issue. Coughlin's challenge to his convictions on counts 7–9 and 11–22 is plainly meritless.

**B.  Procedural default**

Coughlin didn't seek review of the state court of appeals' affirmance of his convictions on counts 1–6, so that part of claim 1 is unexhausted. *See* Wis. Stat. §§ 808.10 and 809.62; *Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023).

If a habeas petitioner has failed to exhaust a federal claim and the opportunity to raise the claim in state court has passed, he has procedurally defaulted those claims for purposes of federal habeas review. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *see also Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (federal habeas courts "generally decline to hear any federal claim that was not presented to the state courts consistent with the State's own

procedural rules." (alteration adopted)). For procedural default to apply, the state procedural rule that would bar further consideration of the federal claim in state court must be "independent and adequate." *See Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991). The state procedural rule is independent "if it does not depend on the merits of the petitioner's claim." *See Flint v. Carr*, 10 F.4th 786, 793 (7th Cir. 2021). "State rules count as adequate if they are firmly established and regularly followed." *Johnson v. Lee*, 578 U.S. 605, 606 (2016).

A petition for review in the state supreme court must be filed within 30 days of the state court of appeals' adverse decision. *See* Wis. Stat. § 808.10(1). This deadline has long passed, and this procedural bar is independent and adequate. *See Wilson*, 58 F.4th at 319; *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015).

To bypass this bar, Coughlin would have to file a habeas petition in the state supreme court, contending that Brehm was ineffective because he didn't seek review of the state court of appeals' affirmance of counts 1–6. *See Carr v. Wisconsin*, No. 21-cv-492-jdp, 2023 WL 2755331, at *1 (W.D. Wis. Apr. 3, 2023); *see also Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (ineffective assistance of counsel may "constitute cause to set aside a procedural bar").

Wisconsin has adopted a "'clearly stronger' *pleading standard* . . . for criminal defendants alleging in a habeas petition that they received ineffective assistance of appellate counsel due to counsel's failure to raise certain issues." *State v. Starks*, 2013 WI 69, ¶ 60 (emphasis added), *abrogated on other grounds*, *Warren v. Meisner*, 2020 WI 55. *Starks's* "clearly stronger" pleading standard was adopted in *State v. Romero-Georgana*, 2014 WI 83, ¶ 46, which the Seventh Circuit has held is an independent and adequate state procedural bar. *Carr*, 2023 WL 2755331, at *1.

Coughlin's allegations don't suggest that a challenge to the state court of appeals' affirmance of counts 1–6 would have been clearly stronger than the issues that Brehm raised. The state court of appeals reversed Coughlin's convictions on 15 counts, and it was reasonable for Brehm to focus his efforts on defending the favorable part of the judgment. Coughlin could contend that Brehm had everything to gain by challenging counts 1–6 considering that the state court of appeals reversed the other counts. But appellate counsel is "*expected to* . . . select the most promising issues for review and focus on one central issue if possible." *Winfield v. Dorethy*, 956 F.3d 442, 458 (7th Cir. 2020) (alterations adopted) (emphasis in original). Counts 1–6 applied to the older stepson, and the state court of appeals found that he "provided the most detailed testimony at trial." *Coughlin*, 2021 WI App 27, ¶ 20. The state court of appeals further found that if the jury credited the oldest stepson's testimony, as it necessarily did, "there was ample evidence from which it could conclude that Coughlin committed sexual assault by touching [that victim's] penis on multiple occasions." *Id.* Coughlin hasn't met the clearly stronger pleading standard.

I may excuse Coughlin's procedural default if he shows "that failure to consider the claims will result in a fundamental miscarriage of justice." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016). The miscarriage of justice "exception applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted.'" *Wilson*, 58 F.4th at 319. To establish an actual innocence claim, Coughlin "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. For an actual innocence claim to be credible, Coughlin must provide "new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See id.* at 324.

Coughlin hasn't provided any new evidence that wasn't presented at trial. Coughlin just says that he's innocent of his convictions because the victims' testimony wasn't credible. Coughlin hasn't shown that he's actually innocent.

In sum, Coughlin's challenge to his convictions on counts 1–6 is procedurally defaulted, and his challenge to counts 7–9 and 11–22 is plainly meritless. Claim 1 fails.

## C. Claim 2

Coughlin contends that trial counsel, Daniel Berkos, provided ineffective assistance by focusing his closing argument on the victims' lack of credibility. *See* Dkt. 20 at 10. Coughlin contends that Berkos should have argued that the prosecution expanded the definition of sexual contact to include mere sexual activity. *See id.* In particular, Coughlin faults Berkos for not arguing that the prosecution failed to prove that Coughlin touched the victims' penises during the relevant time periods. *See id.*

Claim 2 is plainly meritless. There's no evidence that the prosecution improperly expanded the definition of sexual contact. *Cf. Coughlin*, 2022 WI 43, ¶¶ 26–32. In any case, had the prosecution done so the court could have instructed the jury that the attorneys' arguments were not evidence and that the jury had to follow the court's instructions in reaching a verdict. Furthermore, as explained above, there was ample testimony from which the jury could have found that Coughlin committed sexual assault by touching the older stepson's penis multiple times. *Coughlin*, 2021 WI App 27, ¶ 20. There was also ample testimony supporting the convictions on the counts that applied to the nephew and younger stepson, including testimony that Coughlin touched their penises. *See supra* pp. 7–9. Coughlin faults Berkos for

13

challenging the victims' credibility, but Coughlin himself makes a similar challenge in claim 1. Coughlin's trial was ultimately a credibility contest, and the jury decided that issue in the victims' favor. Coughlin's bare allegations don't suggest that Berkos's closing was deficient or that there was a reasonable probability of a more favorable outcome had he made a different argument. (Claim 2 is also unexhausted because Coughlin abandoned it on appeal and didn't raise it in his petition for review. *See Coughlin*, 2022 WI 43, ¶ 23 n.10; *Coughlin*, 2021 WI App 27, ¶ 12 n.7.)

### D. Claim 3

Coughlin contends that he's entitled to a new trial because the "real controversy has not been tried." Dkt. 20 at 11. The state court of appeals rejected this claim, concluding that it rehashed Coughlin's sufficiency arguments and was undeveloped. *See Coughlin*, 2021 WI App 27, ¶¶ 35–36. This decision was reasonable; claim 3 doesn't add anything to claims 1 and 2. Claim 3 is plainly meritless.

### E. Motion to stay

Coughlin brings three claims in his motion to stay: (1) Brehm provided ineffective assistance by failing to argue that Coughlin's convictions violated double jeopardy because he was retried after a mistrial was declared in the first trial for juror misconduct; (2) the state withheld recorded interviews related to the issues that led to the initial mistrial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) Brehm provided ineffective assistance by failing to argue that Berkos was ineffective because he didn't include in his witness list at Coughlin's second trial witnesses who testified at his first trial. *See* Dkt. 16 at 2–3. I will deny the motion because these claims are plainly meritless.

When a habeas petition contains unexhausted and exhausted claims, courts have discretion to stay the case and hold the unexhausted claims in abeyance while a petitioner returns to state court to exhaust them. *See Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Even if the petitioner can show good cause, stay and abeyance is inappropriate if the unexhausted claims are plainly meritless. *See id.* at 278; *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Coughlin's allegations don't suggest that Brehm's failure to raise the double jeopardy issue was ineffective. The docket sheet in Coughlin's prosecution shows that Berkos successfully moved for a mistrial based on the juror misconduct issue. *See* https://wcca.wicourts.gov/case.html. "[D]ouble jeopardy does not bar a retrial of a defendant where the mistrial is granted on the defendant's motion unless the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *United States v. Warren*, 593 F.3d 540, 545 (7th Cir. 2010). Coughlin's bare allegation that a state's witness had improper communications with a juror during cigarette breaks isn't enough to suggest that the state intended to provoke Berkos to moving for a mistrial. Coughlin's allegations also don't suggest that the double jeopardy claim was clearly stronger than the issues that Coughlin raised, which initially led to the reversal of 15 of his convictions.

Coughlin's *Brady* claim is plainly meritless. Coughlin faults the state for not producing the recorded witness interviews, but he received transcripts of those interviews and the motion

15

for mistrial was granted. Coughlin hasn't shown that the state suppressed material exculpatory or impeaching evidence. *Cf. Brady*, 373 U.S. at 87; *Carvajal v. Dominguez*, 542 F.3d 561, 566–67 (7th Cir. 2008).

Coughlin faults Brehm for not arguing that Berkos was ineffective because he didn't include in his witness list at Coughlin's second trial witnesses who testified at his first trial. I will assume for purposes of this opinion that Berkos could have presented the witnesses at the second trial. But Coughlin was found guilty on all charges at the first trial, so Berkos reasonably could have concluded that presenting them again would not have helped his defense. *See* https://wcca.wicourts.gov/case.html. Also, Berkos died before Brehm filed a notice of appeal. *See id.* Brehm reasonably could have concluded that it would be futile to pursue an ineffectiveness claim if he couldn't obtain Berkos's testimony at a hearing to ascertain his strategy for not presenting the witnesses. *See Coughlin*, 2021 WI App 27, ¶ 12 n.7. Coughlin suggests that it would be easier to prove that Berkos was ineffective without his testimony, but he is incorrect: *Strickland* requires courts to presume that counsel's performance was reasonable.

Coughlin's unexhausted claims are plainly meritless, so I will deny the motion to stay. An evidentiary hearing is not warranted because, as my analysis shows, "the record . . . precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

F.  **Motion to appoint counsel**

Coughlin seeks appointment of counsel. Dkt. 17. Coughlin wants counsel to help him obtain his legal file from Brehm so that he can use those documents to prepare a state habeas petition exhausting his unexhausted claims. *See id.* at 1. This request is moot now that I have denied the motion to stay.

**G. Certificate of appealability**

Because Coughlin seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Coughlin makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability on his procedurally defaulted claim, Coughlin must demonstrate that reasonable jurists would debate whether my procedural ruling is correct and whether the amended petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a certificate of appealability on his meritless claims, Coughlin "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Id.* Coughlin cannot make this showing, so I will deny a certificate of appealability. Coughlin may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Donald P. Coughlin's amended habeas petition, Dkt. 20, is DENIED.
2. A certificate of appealability is DENIED.
3. Petitioner's motion to stay, Dkt. 16, is DENIED.
4. Petitioner's motion to appoint counsel, Dkt. 17, is DENIED as moot.

5. Judgment is to be entered and petitioner is to be sent copies of this order and the judgment.

Entered September 26, 2024.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge